24943. COMER *v.* SHENANDOAH LIFE INSURANCE CO.

Decided December 24, 1935.

*R. L. Maynard, H. B. Williams,* for plaintiff.
*Ellis & Ellis,* for defendant.

Jenkins, P. J. An agreed statement of the facts follows: "On January 1st, 1931, defendant company issued group policy No. 70-G upon the lives of the members of the Seaboard Air-Line Employees Credit Union Inc., of Norfolk, Virginia, of which Oscar L. Comer, plaintiff's husband, was a member in good standing. Based upon said policy No. 70-G, a certificate No. 904 was issued

342

to Oscar L. Comer, dated Feb. 1st, 1931. Said policy 70-G and certificate No. 904 were renewed from year to year from date of issue, and were of force on December 31st, 1932. That Oscar L. Comer, the insured, named in said policy 70-G and certificate 904, was totally and permanently disabled within the meaning of the terms of said policy and certificate on Sept. 14th, 1932, while said policy 70-G was in force. That in behalf of Oscar L. Comer, James Edwin Hines, his brother-in-law, wrote the Shenandoah Life Insurance Company for blanks upon which said Comer might make out proofs of such disability as per letter submitted with this statement of facts, and marked 'Exhibit A.' That on Feb. 10th, 1933, the defendant company issued its group policy No. 111-G on the lives of the members of the Union of which said Comer was a member in good standing, and wrote certificate No. 687 under said policy No. 111-G in the name of Oscar L. Comer, which certificate with form letter, copy of which is submitted marked 'Exhibit B' was delivered and left at the home of Mrs. A. E. Hines, the mother-in-law of said Oscar L. Comer, the said Comer at the time of said delivery of said certificate being confined suffering from an incurable malady in the Government Hospital at Hines, Illinois; that said certificate No. 687 was not delivered as set forth until after said James Edwin Hines had written for blanks to make proofs of disability under policy No. 70-G; and that the form letter referred to was not attached to policy No. 111-G nor to certificate No. 687 based thereon, but was enclosed in the same envelope with the certificate Number 687 when delivered at the home of Mrs. Hines. That, Oscar L. Comer being confined to the hospital, his brother-in-law, James Edwin Hines, continued to forward to the defendant company the monthly premium of $3.00, the premium being the same in 1933 as had been paid in 1932. There is no question in the case as to the payment or non-payment of premiums. That on April 24th, 1933, proofs of disability under policy No. 70-G were made by Oscar L. Comer to Shenandoah Life Insurance Company, blanks for which were furnished by it about April 1st, 1933, to said Oscar L. Comer. Oscar L. Comer died July 31st, 1933, and on August 31, 1933, check was sent to Mildred H. Comer in payment of policy No. 111-G, certificate 687, in amount of $2,000.00, and said check was retained and proceeds accepted by said Mildred H. Comer, the plaintiff in this case."

The form letter, referred to and made a part of the agreed facts, which letter accompanied the new certificate, was addressed to Oscar L. Comer, and contained the following material statements: "The same premium rates will be charged for the calendar year 1933 as were charged in 1932. The new certificate attached is to supersede the one you now hold, and I will appreciate your returning the old certificate to the Credit Union for forwarding to the Insurance Company for their files."

Mildred H. Comer, the wife of the insured, who was named as beneficiary in both the old and the new certificates, sued the insurance company for the $2000 death benefit provided in the old certificate. The company pleaded the substitution of the new policy and certificate in lieu of those previously issued, and its payment to and retention by the plaintiff of the $2000 death benefit under the new policy. According to the agreed statement of facts, she collected the check for this amount, and has continued to retain the proceeds. The judge, to whom the case was submitted without a jury, found for the defendant, and the plaintiff excepted.

Where a group policy of insurance and a certificate issued thereunder provided for total disability benefits and for a death benefit, any payments made under the disability clause to be deducted from any subsequent death benefit; and where the holder of such a certificate becomes totally disabled while in good standing under the policy, but, pending the making of his proof and claim for total disability payment, the insurer forwards to the holder a new certificate issued under a new group policy eliminating the disability benefits, but retaining and providing for the same death benefit under the same premium; and where such new certificate is expressly tendered as in lieu of and as superseding the old certificate; and where the new certificate is not returned, but, on the subsequent death of the insured, the beneficiary named in both the old and the new certificate collected and retained the full amount of the death benefit paid under the new policy and new certificate, the insurer can not be made to pay the additional death benefit under the original certificate. In this case it indisputably appears that it was never the intention that more than one policy was to be issued on the life of the insured; and this being true, it matters not that after the total disability had arisen the insured could not have been required to accept the new policy, which eliminated the

disability benefits, in lieu of the old policy which embraced them. *Prudential Ins. Co.* v. *Ferguson,* 51 *Ga. App.* 341 (180 S. E. 503). The controlling factor is that the insured retained the new certificate, which was tendered as a substitute for the old, and the beneficiary, under the new certificate, collected and retained the full death benefit which amounted to all that in any event could have been collected under the old policy and certificate. This conduct estops the plaintiff from making any additional claim under the old certificate. The judge did not err in finding for the defendant.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*